## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA MARIA LEIBA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-5249** |
| | : | |
| **KIVEN DAVIS REAL ESTATE,** *et al.,* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                    **DECEMBER 10, 2018**

*Pro se* Plaintiff Andrea Maria Leiba ("Leiba") has filed this civil action against Kiven
Davis Real Estate, Homeward Residential, HSBC, and Ocwen Mortgage. (ECF No. 2.) She has
also filed a *motion for leave to proceed in forma pauperis.* (ECF No. 1.) For the following
reasons, Leiba's request to proceed *in forma pauperis* is granted, and her Complaint is dismissed
with leave to amend.

## I.    FACTS

Leiba was "[interested] in purchasing a house so [she] subsequently contacted a real
estate company called Rmax realty." (Compl. at 5.)[1] She "reached out to Kevin Davis the
broker and he put [her] in contact with Homeward mortgage company, and six [months] later
[she] move[d] in to [her house]." (*Id.*) Leiba made regular mortgage payments from January 25,
2006 until February 17, 2013, when she "found that [her] contract was fraudulent, they did not
inform [her] about [her] pooling and servicing agreement or cusip number." (*Id.*) Leiba suffered
emotional and financial distress because of this. (*Id.* at 6.) As relief, she seeks to "be released

---

[1]    The Court uses the pagination assigned to the Complaint by the CM/ECF docketing
system.

from the [obligation] of the mortgage due to fraud that was committed [by her m]ortgage company." (*Id.*)

Leiba's Complaint suggests that she is raising claims pursuant to the First Amendment, as well as the Truth in Lending Act ("TILA"). She has attached various documents, including a copy of 12 U.S.C. § 95a, a copy of 12 Pa. Cons. Stat § 6259, and an "Affidavit of Status as Security Party Creditor," in which she states that "[a]ll commercial cont[r]acts listing the Debtor have been lawfully cancelled, rescinded and revoked and are invalid and unenforced." (*Id.* at 30.).

## II.    STANDARD OF REVIEW

The Court will grant Leiba leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this Court must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Leiba is proceeding *pro se*, her allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

By including the language of the First Amendment, Leiba suggests that she is raising constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Nothing in the Complaint suggests that any of the Defendants are state actors. Accordingly, any First Amendment claims brought pursuant to § 1983 is dismissed.

As noted above, as relief, Leiba seeks to be released from her mortgage obligation. (Compl. at 6.) The Court, therefore, construes her Complaint to be raising a rescission claim under the TILA. However, under the TILA, "[a]n obligor's right of rescission . . . expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). The Supreme Court has held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(13). State law governs when a contractual obligation is created, 12 C.F.R. Pt. 226 Supp. 1, and in Pennsylvania, the mortgage

3

is "consummated when the proceeds of the loan are issued to the borrower and the note and mortgage documents are fully executed and delivered, which would occur at the closing of the loan." *Velardi v. Countrywide Bank, FSB*, No. 3:16-1120, 2017 WL 1709411, at *5 (M.D. Pa. May 3, 2017) (citing *Baribault v. Peoples Bank of Oxford*, 714 A.2d 1040, 1043 (Pa. Super. Ct. 1998)). Here, Leiba's Complaint alleges that she closed on the mortgage in 2006. She did not file this lawsuit until December of 2018. Thus, her rescission claim under the TILA is time-barred and subject to dismissal.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Leiba leave to proceed *in forma pauperis* and dismiss her Complaint. Leiba will not be permitted to file an amended complaint, as any amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.USDC*

---

[2]    The Court does not discern any other basis for a federal claim from Leiba's Complaint. Leiba's suggestion about being a "secured party creditor" sounds in sovereign citizen theories, which have been rejected by the courts. *See, e.g., Price v. United States*, 123 Fed. Cl. 560, 564 (Fed. Cl. 2015); *Bey v. Stumpf*, 825 F. Supp. 2d 537, 540-47 (D.N.J. 2011).